UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
METROPOLITAN LIFE INSURANCE
COMPANY,

                  Plaintiff,

          - against -

ABDUL MALIK LITTLE and CHRISTOPHER
JACKSON,

                 Defendants.
------------------------------------------------------------ X

**MEMORANDUM DECISION AND ORDER**

13 cv 1059 (BMC)

**COGAN**, District Judge.

    Plaintiff Metropolitan Life Insurance Company issued a life insurance policy to Rosemary Little, a former employee of the law firm of Skadden, Arps, Slate, Meagher & Flom, LLP, as part of her benefits under an ERISA-regulated employee welfare benefit plan of which Skadden was the sponsor. Rosemary designated her grandson Christopher Jackson as a 40% beneficiary of the policy proceeds, and her son Abdul Malik Little as the other 60% beneficiary.

    Rosemary was murdered, and the Court takes judicial notice that Christopher has pled guilty to murdering her.[1] MetLife paid Abdul 60% of the policy proceeds, and then commenced this interpleader action for instructions on what to do with the other 40%. MetLife's concern is that if it pays either Abdul or Christopher this 40%, it may face exposure from the other claimant. MetLife has paid the remaining insurance policy proceeds into the Court's registry. Abdul has filed a counterclaim against MetLife to recover all of the remaining proceeds of the

---

[1] Christopher pled guilty several days after the parties filed their motions that are the subject of this decision. See People v. Jackson, No. 01522-2011 (Queens Sup. Ct. Crim. Term) (dkt entry 7/18/2013). Sentencing is scheduled for September 25, 2013.

policy. Christopher has been served through alternative service as directed by the Court, and has defaulted. MetLife has moved for default judgment to discharge it as stakeholder, for an anti-suit injunction, and for attorneys' fees, and Abdul has moved for summary judgment on his counterclaim. Christopher has been duly served and has not responded to either motion.

Whether brought under the Court's general federal question jurisdiction and Rule 22, as in this case, or under the federal interpleader statute, 28 U.S.C. § 1335, an interpleader complaint generally involves a two-stage inquiry. The first stage requires the stakeholder to demonstrate that the requirements for interpleader have been met and that it is entitled to a discharge. The second stage determines the adverse claims between the claimants. New York Life Ins. Co. v. Connecticut Development Authority, 700 F.2d 91 (2d Cir. 1983). "[T]his bifurcation is not mandatory, however, and the entire action may be disposed of at one time." Id. Combining the two stages of the interpleader action is appropriate where, as here, only one interpleader defendant asserts a claim to the fund in question. See id.; Life Ins. Co. of N. Am. v. Hale, No. 08-cv-02551, 2009 WL 2843270, at *2-3 (D. Colo. Aug. 31, 2009) (resolving both stages at one time).

This case easily satisfies the standards for a Rule 22 interpleader. First, the issuance of the life insurance policy to fund the benefits under an ERISA plan confers federal question jurisdiction as to the appropriate distribution of its proceeds. See Metropolitan Life Ins. Co. v. Bigelow, 283 F.3d 436, 439-40 (2d Cir. 2002). MetLife is a fiduciary charged with paying claims under the ERISA plan. The plan provides for the payment of the life insurance proceeds and the resolution of disputes concerning payment. The test for interpleader jurisdiction is the same as the test for a declaratory judgment – if one were to reverse the caption, could the claimant maintain an action against the interpleader plaintiff and invoke federal jurisdiction?

See e.g. Commercial Union Ins. Co. v. U.S., 999 F.2d 581, 585 (D.C. Cir. 1993). As designated beneficiaries under the ERISA plan, Abdul or Christopher could maintain an action against MetLife for non-payment under ERISA if MetLife refused to pay the proceeds. See 29 U.S.C. § 1132(a) ("A civil action may be brought … by a [plan] participant or beneficiary … to recover benefits due to him under the terms of the plan …").[2] Jurisdiction is therefore proper under this provision and 28 U.S.C. § 1331.[3]

Second, all that Rule 22 requires once subject matter jurisdiction is shown is that the plaintiff "may [be] expose[d] … to double or multiple liability …". "The primary test for determining the propriety of interpleading the adverse claimants and discharging the stakeholder is whether the stakeholder legitimately fears multiple vexation directed against a single fund." 7 Wright, et al., *supra*, § 1704; accord Fidelity Brokerage Servs., LLC v. Bank of China, 192 F.Supp.2d 173, 178 (S.D.N.Y. 2002) ("To determine whether an inter-pleader action is appropriate, therefore, a court must assess whether the stakeholder 'legitimately fear[s] multiple [liability] directed against a single fund, regardless of the merits of the competing claims,'" quoting Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Clemente, No. 98 Civ. 1756, 2001 WL 11070, at *5 (S.D.N.Y. Jan. 4, 2001)). The "claimants must be 'adverse' to each other," 7

---

[2] The Court in Connecticut General Life Ins. Co. of New York v. Cole, 821 F. Supp. 193 (S.D.N.Y. 1993), reached the same result with what is probably a technically correct but unnecessarily complicated analysis. The Court essentially held that there was no jurisdiction under 29 U.S.C. §1132 because that section does not allow an ERISA fiduciary to bring an interpleader action. It went on to hold, however, that since the defendant beneficiary could have sued the plaintiff insurer for the life insurance proceeds, jurisdiction was conferred by the Declaratory Judgment Act, 28 U.S.C. § 2201, because *that* suit would have fallen under ERISA.

[3] I disagree with the approach in some cases like Locals 40, 361 & 417 Pension Fund v. McInerney, No. 06 cv 5224, 2007 WL 80868, *2 (S.D.N.Y. Jan. 9, 2007), which have held that even where the minimal diversity required for a statutory interpleader under 28 U.S.C. § §1335 is lacking, a statutory interpleader may still be maintained if there is an independent basis of federal jurisdiction. I think this is contrary to the plain language of §1335, and the better approach is to invoke the Court's independent federal question jurisdiction and, with it, the Court's inherent equitable power to allow interpleader under the circumstances described in Fed. R. Civ. P. 22. Otherwise, important distinctions between statutory and Rule impleader are eliminated. See 7 Wright, Miller & Kane, Federal Practice and Procedure §1703 (West 3rd Ed. 2013). This is not to say that practice under Rule 22 cannot be informed by §1335, but a stakeholder who validly invokes the Court's subject matter jurisdiction on any basis outside of §1335 and asserts a claim in equity for interpleader relief need not meet the requirements of §1335.

Wright, et al., supra, § 1705; accord Bradley v. Kochenash, 44 F.3d 166, 168 (2d Cir. 1995), as "[t]he function of interpleader is to resolve claims for designated assets based on mutually exclusive theories." Ashton v. Josephine Bay Paul and C. Michael Paul Found., 918 F.2d 1065, 1070 (2d Cir. 1990).

In the absence of any affirmative and binding renunciation or abandonment of his claim to the policy proceeds from Christopher, the facts of (1) Rosemary's designation of Christopher as a beneficiary; and (2) the potential disallowance of that claim because he murdered her, show that MetLife could face exposure should it pay either Abdul or Christopher without the protection of a court order. In addition, Abdul has asserted a claim to funds that would otherwise be payable to Christopher under the policy, and thus Abdul and Christopher are adverse. The grounds for awarding MetLife relief under equitable interpleader are present here.

As to the second stage of the inquiry, there can be no question that Christopher has forfeited any claim to the proceeds. This is not only the result of his default, which would itself be sufficient. "The failure of a named interpleader defendant to answer the interpleader complaint and assert a claim to the *res* can be viewed as forfeiting any claim of entitlement that might have been asserted." Gen. Accident Group v. Gagliardi, 593 F. Supp. 1080, 1089 (D. Conn. 1984); see also Nationwide Mut. Fire Ins. Co. v. Eason, 736 F.2d 130, 133 n. 4 (4th Cir.1984) ("[I]f all but one named interpleader defendant defaulted, the remaining defendant would be entitled to the fund."); New York Life, 700 F .2d at 95 (defaults of other claimants "obviat[ed] the normal second stage").

Christopher's forfeiture also obtains because, under what is called the Slayer's Rule, one who causes the death of the insured cannot recover under the policy. See Mutual Life Ins. Co. v.

New York, 117 U.S. 591 (1886). As the Court observed in Metropolitan Life Ins. Co. v. Pritchett, 843 F. Supp. 1006, 1008 (D. Md. 1994) (citation omitted):

> Federal law recognizes the equitable principle that "[n]o person should be permitted to profit from his own wrong." Prudential Insurance Company of America v. Tull, 690 F.2d 848, 849 (4th Cir.1982). …
>
> The equitable maxim that one should not profit by his own wrongdoing is known as the "Slayer's Rule." This Rule is a universally recognized principle of justice and morality. Indeed, it is well established in Maryland, and in 43 other states, that a "person who kills another" may not "collect the proceeds as a beneficiary under a policy of insurance on the decedent's life when the homicide is felonious and intentional."

See also Connecticut General Life Insurance Co. v. Cole, 821 F. Supp. 193, 198 (S.D.N.Y. 1993); Riggs v. Palmer, 115 N.Y. 506, 22 N.E. 188 (1889); Boatwright v. New York Life Ins. Co., 64 A.D.2d 262, 409 N.Y.S.2d 860 (4th Dep't 1978).[4] Since Christopher has pled guilty to murdering Rosemary, he cannot recover as a beneficiary under her insurance policy.

Both stages of the interpleader inquiry having been thus resolved, the question remains as to the precise form of relief. Obviously the policy proceeds should be paid to Abdul. Just as obviously, MetLife is entitled to a decree absolving it of liability for any claims that may be made in the future. As to MetLife's request for an anti-suit injunction, however, I decline as a matter of discretion to award such relief. There seems little reason for it. Abdul will be fully satisfied by the judgment here, and Christopher, should he ever choose to assert a claim, will be met in his chosen forum with this Court's decree discharging MetLife from any liability concerning the policy. This is not a case where there are multiple or unknown future claimants who need to be equitably channeled back to this Court should they seek relief. There is not even

---

[4] I need not address the question of whether federal common law or the law of some state supplies the rule of decision. The law seems to be the same virtually everywhere and thus there is no conflict.

a hint that anyone is interested besides Abdul and Christopher, and, as noted, the Court's decree will effectively preclude any subsequent litigation involving them.

Finally, MetLife requests $5000 in attorneys' fees for its trouble in sorting out the parties' rights, and Abdul has not opposed. Such relief is generally available in an interpleader action, whether one that is statutory under 28 U.S.C. § 1335 or a Rule 22 interpleader with other jurisdictional grounds. See Septembertide Pub., B.V. v. Stein and Day, Inc., 884 F.2d 675 (2d Cir. 1989) (allowing fees in Rule 22 interpleader). MetLife meets all requirements for this relief. I have reviewed its submitted time records and note that it has reduced substantially the actual attorneys' fees that it has paid. The $5000 is reasonable and the Clerk will be directed to pay it to MetLife before paying the remainder to Abdul.

MetLife's motion for default judgment as against Christopher and Abdul's motion for summary judgment on its counterclaim against MetLife are therefore granted. Judgment will be entered separately pursuant to Fed. R. Civ. P. 58(a).

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
      August 17, 2013